IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JULIA D. FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-383 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This is an action for judicial review of defendant Commissioner's final decision discontinuing plaintiff's disability insurance and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. For the reasons provided herein, defendant's motion for summary judgment [doc. 9] will be granted, and plaintiff's motion for summary judgment [doc. 7] will be denied.

I.

*Procedural History*

Plaintiff initially applied for benefits in 1999, claiming to be disabled by fibromyalgia and hypertension. [Tr. 46, 65]. She received a hearing before Administrative Law Judge Donald Rising in February 2000. Judge Rising subsequently issued a written decision that same month, concluding that plaintiff was eligible for benefits based on the effects of fibromyalgia and irritable bowel syndrome. [Tr. 217-19].

By letter dated July 29, 2003, the Commissioner notified plaintiff that her benefits would be terminated due to medical improvement. [Tr. 229]. Plaintiff sought reconsideration, citing "additional problems - back and degenerative joint disease in my knees" and claiming that her "condition has not improved." [Tr. 231]. Reconsideration was denied, and plaintiff then requested a hearing, which took place before Administrative Law Judge John McFadyen (hereinafter "the ALJ") on October 13, 2005.

On March 14, 2006, the ALJ issued a decision discontinuing benefits. Therein, he concluded that plaintiff, due to medical improvement, no longer suffers from the "severe" impairment of irritable bowel syndrome. [Tr. 16]; *see also Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). Citing the opinions of state agency physicians and a consultative examiner, the ALJ found that plaintiff had regained the residual functional capacity to return to her prior work at the sedentary level of exertion. [Tr. 15-18]. Plaintiff was accordingly found to be no longer disabled as of July 31, 2003.

Plaintiff then sought review from the Commissioner's Appeals Council. Review was denied on August 4, 2006, despite the submission and consideration of additional medical records. [Tr. 5, 8].[1] Through her timely complaint, plaintiff has properly

---

[1] Plaintiff's additional documents are discussed in her brief [doc. 8, unnumbered p. 2] and are included in the administrative record. [Tr. 364-72]. "[W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citation omitted). This court can, however, remand a case for further administrative proceedings, but only if the claimant shows that her evidence meets each prong of the "new, material, and good
(continued...)

2

brought her case before this court for review. *See* 42 U.S.C. § 405(g).

## II.

### *Background*

Plaintiff was born in 1969. Her past relevant employment is as a hospital office clerk. [Tr. 89]. She stopped working in March 1999. [Tr. 89]. Plaintiff claims daily, constant, migrating pain "throughout my entire body." [Tr. 293, 379]. She also alleges that irritable bowel syndrome causes "7 to 8 bowel movements a day with diarrhea," has become "much worse" since the original disability determination, "keeps me home much of the time," and "effects [sic] me every day of my life." [Tr. 279, 285, 293, 323]. She is allegedly capable of performing only minimal housework and driving only short distances. [Tr. 271-72, 299-300, 380].

## III.

### *Relevant Medical Evidence*

Plaintiff stands sixty-six inches tall and weighs between 250 and 276 pounds. [Tr. 310, 316]. In September 1999, citing abdominal tenderness and subjective complaints,

---

[1](...continued)
cause" standard of sentence six, 42 U.S.C. § 405(g). *Id*. The present plaintiff has made no effort to articulate to this court how her evidence warrants sentence six remand, nor has she even cited sentence six. The issue is accordingly waived, and the additional evidence has *not* been considered. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("Plaintiff has not only failed to make a showing of good cause, but also has failed to even cite this relevant section or argue a remand is appropriate."). Although plaintiff's attorney argued to the Appeals Counsel that he "believed" the evidence to have been submitted at the administrative hearing [Tr. 361], no such argument has been made to this court, nor does the transcript of the administrative hearing support counsel's position. [Tr. 375].

3

gastroenterologist R.N. Vora offered a conditional diagnosis of irritable bowel syndrome. [Tr. 202].

In March and April of 1999, rheumatologist Jeffrey Scheib noted "multiple tender points in the distribution of that seen in fibromyalgia." [Tr. 143, 147]. In July 1999, after examining plaintiff and reviewing her medical records, Dr. Gary Margolies was "convinced" that plaintiff has "quite severe" fibromyalgia. [Tr. 165-67]. In August 1999, consulting rheumatologist Charles R. Moore noted "multiple typical trigger points of fibromyalgia" and "[a]gree[d] with previous assessments that this is fibromyalgia." [Tr. 201].

In May 2003, Dr. Wayne Page examined plaintiff at the request of the Commissioner. [Tr. 323-26]. Dr. Page described plaintiff's gait and posture as "normal," and she "appeared comfortable." [Tr. 325]. Dr. Page deemed plaintiff "unreliable and uncooperative" due to her "poor if any" effort on numerous tests. [Tr. 325-26].[2] He noted softness and diffuse tenderness in the abdomen and advised plaintiff to "see her doctor immediately regarding her blood pressure." [Tr. 325-26]. There were: "no trigger points

---

[2] More specifically, Dr. Page described

> poor if any effort when asked to do heel and toe-walking. . . . No effort given with squatting maneuver. . . . Poor effort with extension and flexion with lack of effort. . . . There is no effort when asked to touch the toes. Poor effort with leg-lift with encouragement going to 20 degrees. No effort when asked to do sit-up. . . . The grip testing shows invalid effort in the dominant right hand[.]

[Tr. 325].

4

such as those noted for the diagnosis for fibromyalgia"; "no findings consistent with the criteria necessary to diagnosis [sic] fibromyalgia"; and "[n]o objective findings to correlate with any subjective complaint [including irritable bowel syndrome] other than the hypertension." [Tr. 325-26]. Dr. Page concluded that plaintiff could frequently or occasionally lift or carry up to twenty-five pounds, and that she could sit, stand, and walk a total of eight hours per workday. [Tr. 326].

State agency physician James Lester completed an "Analysis of Medical Improvement Issues" in July 2003. [Tr. 327-28]. Citing Dr. Page's opinion and an absence of recent evidence to the contrary, Dr. Lester opined that plaintiff had experienced significant medical improvement since the year 2000. Dr. Lester completed a Physical Residual Functional Capacity Assessment, concluding that plaintiff is capable of performing the full range of light exertion. [Tr. 330-33].

In May 2004, state agency physician Lansdon Robbins completed a second "Analysis of Medical Improvement Issues." [Tr. 335-36]. Although he checked the box indicating that significant medical improvement had not occurred, this would appear to be a typographical error. As did Dr. Lester, Dr. Robbins cited Dr. Page's opinion and the minimal current objective evidence to the contrary, concluding that "current medical does not support that she is incapable of movement to and [sic] no specific medical to show continued problems with [fibromyalgia]." Dr. Robbins completed a Physical Residual Functional Capacity Assessment, concluding that plaintiff is capable of performing the full

5

range of light exertion. [Tr. 338-41].

Also in May 2004, treating physician Charles A. Moore ("Dr. Moore") opined that plaintiff "is 100% disabled at this time for chronic pain and probable [sic] will be for the rest of her life." [Tr. 319]. In support of his statement, Dr. Moore cited degenerative disc disease, "severe" fibromyalgia, and "bouts of hypertension." [Tr. 319]. In January 2005, Dr. Moore again wrote that plaintiff "is 100% disabled at this time due to the following medical conditions: (1) fibromyalgia; (2) irritable bowel syndrome; (3) hypertension; (4) chronic lumbar sacral strain; and (5) chronic fatigue." [Tr. 309]. The court observes that the objective portion of Dr. Moore's treatment notes almost entirely illegible. [Tr. 122-27, 130-40, 320-22].

In October 2005, Dr. Moore's nurse practitioner recorded plaintiff's complaint of recent blood in the stool. [Tr. 343]. Either the nurse practitioner or Dr. Moore completed a "Functional Capacities Form," imposing limitations that would preclude all employment. [Tr. 345].

IV.

*Applicable Legal Standards*

This court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

A claimant is entitled to disability insurance payments if she (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).[3] Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

---

[3] A claimant is eligible for SSI on the basis of financial need and either age, blindness, or disability. 42 U.S.C. § 1382. "Disability," for SSI purposes, is defined the same as under § 423. 42 U.S.C. § 1382c(a)(3).

> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof during the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See id.*

In order for the Commissioner to find that a disability has ended, a claimant's condition must have medically improved, the medical improvement must be related to the ability to work, and the claimant must be able to engage in substantial gainful activity. *See* 20 C.F.R. § 404.1594(a). "Medical improvement" is defined as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s)." 20 C.F.R. § 404.1594(b)(1).

V.

*Analysis*

Plaintiff presents several brief allegations in support of reversal or remand. The court will address those issues in turn, noting first that plaintiff has waived any argument that she did not raise on appeal to this court. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 149 (6th Cir. 1990).

Plaintiff contends that the ALJ erred when he "did not explicitly, [sic] find the claimant had improved." This contention is inaccurate, as in his decision the ALJ stated,

> I specifically find that the medical evidence of record no longer demonstrates severe irritable bowel syndrome. . . .
>
> . . .
>
> The medical evidence establishes that there has been medical improvement in the claimant's medical condition since February 22, 2000.
>
> This medical improvement is directly related to the claimant's ability to perform substantial gainful activity.

[Tr. 17-18]. Plaintiff's first theory merits no further discussion.

Next, plaintiff contends, "The Administrative Law Judge nor [sic] the Secretary [sic] made any attempt to compare the severity of claimants [sic] symptoms at the time of her first hearing, [sic] and her second hearing." Again, plaintiff inaccurately characterizes the record below. At the request of the Commissioner, both Dr. Lester and Dr. Robbins reviewed the medical record and completed an Analysis of Medical Improvement Issues. The ALJ cited those analyses and found them to be supported by the medical evidence. [Tr.

15]. Further, the ALJ identified the impairments present at the time of the most recent favorable decision [Tr. 18] and thoroughly discussed the contemporary evidence of record. [Tr. 16-17].

Next, plaintiff argues that the ALJ erred in finding that the record no longer demonstrates severe irritable bowel syndrome. Specifically, plaintiff contends that "the treating physician records document that she continues to have problems with blood in her stools." The "treating physician records" to which plaintiff refers are the notes of Dr. Moore's nurse practitioner from an October 2005 appointment. [Tr. 343]. That record does not constitute objective evidence. It instead merely recites plaintiff's subjective report of a single alleged incident of bleeding.

Ultimately, all of plaintiff's arguments on appeal are summarized in her statement, "The record is simply devoid of any evidence, objective or subjective, to support [medical improvement]." Again, plaintiff inaccurately characterizes the record before this court. Dr. Page recognized plaintiff's claim of irritable bowel syndrome [Tr. 323] but concluded that there was no objective evidence to support *any* of her subjective complaints other than hypertension. [Tr. 326]. Dr. Page's assessment is substantial evidence that plaintiff's medical condition (irritable bowel syndrome) has improved - the first requirement of 20 C.F.R. § 404.1594(a).[4] The subsequent assessments of Drs. Lester and Robbins

---

[4] Dr. Page's finding of no trigger points could have supported the conclusion that plaintiff's fibromyalgia had also medically improved. [Tr. 328, 336]. Nonetheless, the ALJ retained that condition as a severe impairment in this case.

10

provide substantial evidence satisfying the remaining requirements of § 404.1594(a) - that the medical improvement is related to the ability to work, and that plaintiff can engage in substantial gainful activity. *See* 20 C.F.R. § 404.1594(a).

Although another ALJ could perhaps have ultimately reached the opposite conclusion, the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). The ALJ's well-explained decision is based on "such relevant evidence as a reasonable mind might accept as adequate to support [his] conclusion." *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The ALJ adequately explained the rejection of treating physician Moore's "100% disability" opinions, correctly noting "a dearth of" objective evidence in that doctor's records [Tr. 16]. *See Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987) (The Commissioner may reject the opinion of a treating physician if it is not supported by sufficient medical data and if a valid basis is articulated for doing so). Also, the ALJ clearly viewed plaintiff's subjective complaints as being less than fully reliable. In support, he "especially note[d]" Dr. Page's repeated observations of minimal effort on testing. [Tr. 16]. The ALJ also reasonably observed [Tr. 16] that it is curious that a person suffering from daily, long-term, uncontrollable diarrhea would continue to gain weight.

For the reasons stated herein, the final decision of the Commissioner was supported by substantial evidence and will be affirmed.  An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge